IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| In re RAYMOND WILSON and NANCY WILSON, DEBTORS IN CHAPTER 13, <br><br> WILLIAM A. COHN, <br><br> Creditor/Respondent/Appellant, <br><br> v. <br><br> GEORGE EMERSON, Chapter 13 Trustee, <br><br> Appellee. | No. 05-2260 Ml/P |

### ORDER GRANTING APPELLEE'S MOTION TO DISMISS

Before the Court is the Motion of George W. Emerson, Chapter 13 Trustee, to Dismiss Appeal or in the Alternative to Modify the Scheduling Order, filed June 16, 2005. Appellant responded on June 24, 2005. For the reasons set forth below, the Court GRANTS the Appellee's motion to dismiss.

Appellant William A. Cohn filed a notice of appeal in this Court on April 6, 2005, seeking review of the denial of his claim for attorney's fees on February 21, 2005, by the United States Bankruptcy Court for the Western District of Tennessee. Appellant's claim was against the estate of debtors Raymond and Nancy Wilson, whom he had represented in an earlier bankruptcy

-1-

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-15-05



proceeding in 2002. After Appellant filed a notice of appeal in this Court, the bankruptcy case in which Appellant filed his claim for fees was dismissed. (Mem. Supp. Mot. Dismiss Appeal or in Alternative to Modify Scheduling Order Ex. 1 (Order Dismissing Case; Directing Trustee to File Final Accounting and Directing Employer to Cease Deductions, Case No. 04-31052-B, dated May 20, 2005).)

Appellee moves to dismiss the instant appeal on the basis that the underlying bankruptcy case was dismissed by the United States Bankruptcy Court on May 20, 2005, thereby rendering moot any review of the Bankruptcy Court's disallowance of Appellee's claim. Specifically, Appellee argues that because the underlying bankruptcy case has been dismissed, "the relief sought herein by Mr. Cohn—reinstatement and payment of his claim in the bankruptcy case—became impossible for this Court to order because that bankruptcy case and estate no longer exist." (Mem. Supp. Mot. Dismiss Appeal or in Alternative to Modify Scheduling Order 2.) In his response, Appellant states that he does not object to the Court's dismissal so long as the Court "makes an affirmative ruling that the litigation which is the subject matter of this appeal is not res judicata, or collateral estoppel." (Resp. Appellant Mot. Dismiss Appeal 1-2.)

Since the parties agree that nothing remains before this Court to decide, the Court GRANTS Appellee's motion to dismiss

-2-

without a merits determination and, therefore, without prejudice.

So ORDERED this 14 day of December, 2005.

*/s/ Jon P. McCalla*
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 19 in case 2:05-CV-02260 was distributed by fax, mail, or direct printing on December 15, 2005 to the parties listed.

---

William A. Cohn
THE COHN LAW FIRM
65 Germantown Court
Kroger Center Ste. 300
Memphis, TN 38018

David J. Harris
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103--221

Jed G. Weintraub
U.S. BANKRUPTCY COURT
200 Jefferson Avenue
Suite 500
Memphis, TN 38103

William A. Cohn
THE COHN LAW FIRM
291 Germantown Bend Cove
Cordova, TN 38018

Jerry R. Givens
THE COHN LAW FIRM
291 Germantown Bend Cove
Cordova, TN 38018

Jennie D. Latta
U.S. BANKRUPTCY COURT
200 Jefferson Avenue
Suite 500
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT